J-S65018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEROY CALBERT | |
| Appellant | No. 3485 EDA 2013 |

Appeal from the Judgment of Sentence November 12, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002065-2013
CP-23-CR-0005772-2013

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 25, 2014**

Appellant, Leroy Calbert, appeals from the judgment of sentence entered on November 12, 2013.  We affirm.

The trial court ably summarized the facts underlying the current appeal as follows:

> On February 27, 2013, at approximately 6:30 [a.m.], members of the Delaware County Drug Task Force[,] in possession of [a search warrant,] entered [Appellant's] residence . . . and conducted a search [for] and seizure of controlled substances.  [Appellant] was present during the search and was located lying in bed in the front[,] second floor bedroom.  Recovered from the residence as a result of the search were:  a scale with residue; [packaging] material with gloves and a razor; [one] empty pill bottle; several pill bottles containing a total of 243 assorted pills; 282 small plastic bags each containing crack cocaine; [four] large plastic bags each containing marijuana; [two] boxes of ammunition; a holster; a Ruger P95 [s]emi-automatic 9 [millimeter handgun] loaded with [nine] rounds in the

*Retired Senior Judge assigned to the Superior Court.

magazine and [one] round in the chamber; a Rossi [.357] Magnum revolver loaded with [six] live rounds; a shoe box containing $128[.00] in [United States] currency; and[,] $473[.00] in [United States] currency from [Appellant's] pocket.

[Appellant] was arrested and charged[, at docket number 2065 of 2013 (hereinafter "the 2065 case"),] with: possession of a controlled substance; [three counts of possession of a controlled substance with the] intent to distribute [("PWID")]; use/possession of drug paraphernalia[;] possession of marijuana; possession of a firearm prohibited; firearms not to be carried without a license; and[,] making repairs, selling, etc. of an offensive weapon.

On September 6, 2013, at approximately 3:50 [p.m.], a search warrant was served at 515 Chester Pike, Norwood, [Pennsylvania]. . . . Prior to entering the residence, officers stopped [Appellant] in a silver Ford Fiesta in a rear parking lot. As [the] officers stopped [Appellant,] he discarded numerous oxycodone hydrochloride pills. A brief struggle then ensued . . . [and the officers] plac[ed Appellant] in custody. Officers searched [Appellant's] vehicle and recovered a total of 132 oxycodone hydrochloride pills. Officers [] searched [Appellant] and recovered a clear plastic bag containing [seven] small bags of cocaine, several drug tally sheets, and $608[.00] in [United States] currency. At approximately 3:53 [p.m.], the officers searched the residence of 515 Chester Pike. Seized from the residence were drug paraphernalia and several clear plastic bags containing cocaine residue. Seized from the residence during the search were: drug paraphernalia; 33.8 grams of cocaine; 5.9 grams of marijuana; two plastic bags containing 891 oxycodone hydrochloride pills; several pill bottles containing 46 oxycodone hydrochloride pills; and [$3,644.00] in [United States] currency.

[Appellant was arrested and charged, at docket number 5772 of 2013 (hereinafter "the 5722 case")], with: [three counts of] possession of a controlled substance; [two counts of PWID]; [three counts of] possession of drug paraphernalia; tampering with physical evidence; and resisting arrest.

- 2 -

Trial Court Opinion, 7/1/14, at 1-2 (some internal capitalization omitted).

Prior to trial, Appellant and the Commonwealth arrived at a negotiated plea agreement. With respect to the 2065 case, Appellant agreed to plead guilty to two counts of PWID, in exchange for the Commonwealth to recommend the following sentence: a recommended sentence of 52 to 104 months in prison for the first PWID conviction and a recommended sentence of 72 to 144 months in prison for the second PWID conviction, with the two sentences at the 2065 case to run concurrently. **See** N.T. Guilty Plea Hearing, 11/12/13, at 3-4.

With respect to the 5722 case, Appellant agreed to plead guilty to two counts of PWID, in exchange for the Commonwealth to recommend the following sentence: a recommended sentence of 48 to 96 months in prison for the first PWID conviction and a recommended sentence of four years of probation for the second PWID conviction, with the two sentences at the 5722 case to run consecutively. **See id.** at 7-8. The Commonwealth made clear at the guilty plea colloquy, however, that the 5722 case "is consecutive to all open cases." **Id.** at 8.

On November 12, 2013, Appellant entered his negotiated guilty pleas in the trial court. During the guilty plea colloquy, the Commonwealth recited the above-summarized, negotiated terms. With respect to the consecutive nature of the sentences at the 2065 case and the 5772 case, the following discussion occurred between the Commonwealth and Appellant's attorney:

> [The Commonwealth]:  [The 5772 case] is consecutive to all open cases.
>
> [Appellant's Attorney]:   I don't think [Appellant] has any other open cases.
>
> [The Commonwealth]:   Okay. Then the 2065 – at least to the 2065 [case].

*Id.*

After conducting a colloquy, the trial court accepted Appellant's guilty pleas.  That same day, the trial court sentenced Appellant in accordance with the negotiated terms, including the term that "the sentence in [the 5722 case] shall run consecutive with the sentence in [the 2065 case]."  *Id.* at 28.  In relevant part, the trial court's November 12, 2013 on-the-record sentence reads:

> All right.  With regard to [the 2065 case], Count 2, [PWID], an ungraded felony, cocaine, I sentence you to 52 to 104 months SCI.  With regard to Count 3, [PWID], ungraded felony, oxycodone, I sentence you to 72 to 144 months SCI, which shall run concurrent with Count 2. . . .
>
> With regard to [the 5772 case], Count 4, [PWID], an ungraded felony, cocaine, I sentence you to 48 to 96 months SCI. . . .   With regard to Count 5, [PWID], an ungraded felony, which is oxycodone, I sentence you to four years [of] probation to run consecutive with Count 4. . . .
>
> The sentence in [the 5722 case] shall run consecutive with the sentence [in the 2065 case].

*Id.* at 27-28 (some internal capitalization omitted).

Appellant did not object to the above sentence and Appellant did not seek to withdraw his guilty pleas following sentencing.

At the conclusion of the November 12, 2013 sentencing hearing, Appellant was informed – on the record – that he had ten days to file a post-sentence motion and 30 days to file a notice of appeal to the Superior Court. *Id.* at 41. Further, the trial court provided Appellant with a written document entitled "Statement of Post-Sentence Rights." Appellant initialed every paragraph of the document and signed the document at the end. By doing so, Appellant acknowledged such things as:

> By placing my initials on the line provided next to each of the paragraphs in this document, I agree that I have read, understand[,] and my lawyer has explained to my satisfaction the content and meaning of each paragraph.
>
> . . .
>
> If I file a Post Sentence Motion with this Court, it must be in writing and be filed with the Delaware County Office of Judicial Support within 10 days of the date I am sentenced.
>
> This Post-Sentence Motion must state the specific relief requested, the specific issues to be considered and the specific reasons or grounds for the relief requested.
>
> If I pled guilty or *nolo contendere*, this Post-Sentence Motion may include: . . . a motion asking that the sentence imposed be changed; a motion asking that I be permitted to take back my plea(s) because it (they) was (were) not voluntary, knowingly[,] and intelligently entered; a motion challenging the denial of my motion to take back my plea(s).
>
> . . .
>
> If I decide to file a Post-Sentence Motion and/or appeal to a higher court, I have the right to be represented by an attorney and if I cannot afford an attorney, upon my timely request to this Court, one will be provided to me free of

charge at no cost or expense to me and I will not be required to pay any costs normally associated with a Post-Sentence Motion and/or an appeal.

Appellant's Statement of Post-Sentence Rights, 11/12/13, at 1-2.

Finally, the trial court conducted an on-the-record colloquy of Appellant, to ensure that Appellant's trial counsel explained to Appellant – and that Appellant understood – everything that was contained in the written "Statement of Post-Sentence Rights." Specifically, Appellant testified: that he had initialed every paragraph in the "Statement of Post-Sentence Rights;" that he had signed the document at the end; that his attorney had explained everything contained in the document; and, that he did not have any questions regarding his post-sentence rights. N.T. Sentencing, 11/12/13, at 33-42.

On December 5, 2013, Appellant filed three *pro se* documents: a notice of appeal to the Superior Court; a "motion for leave to file motion to withdraw guilty plea out of time;" and, a "motion to withdraw guilty plea."[1]

_____

[1] Appellant is represented by new counsel on appeal; yet, the record does not contain any order granting Appellant's original trial counsel leave to withdraw. *See* Pa.R.Crim.P. 120(B)(1) ("[c]ounsel for a defendant may not withdraw his or her appearance except by leave of court"). Further, within Appellant's brief to this Court, Appellant does not explain what occurred to his original trial counsel following the plea, or why Appellant acted in a *pro se* capacity when he filed his December 5, 2013 notice of appeal and motions. Moreover, we note that nothing in the record indicates that the clerk of courts of Delaware County complied with Pennsylvania Rule of Criminal Procedure 576(A)(4), which requires that, "[i]n any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing . . . [and
*(Footnote Continued Next Page)*

However, given that Appellant had filed a notice of appeal and given that Appellant's post-sentence motion was untimely by approximately 13 days, the trial court did not rule upon Appellant's post-sentence motion. **See** Trial Court Opinion, 6/30/14, at 5.

On January 16, 2014, Appellant filed a *pro se* "Request to Proceed *In Forma Pauperis* for Purposes of Appeal and for Appointment of Counsel on Appeal." The trial court appointed counsel to represent Appellant on appeal and counsel has filed a brief to this Court. Appellant now raises one claim on appeal:

> The [trial c]ourt committed error by denying [Appellant's] post-sentence motion to withdraw guilty plea on June 30, 2014.[2] [Appellant] contends that his guilty pleas of November 12, 2013 were not knowing, voluntary or intelligent, for the following reason[]:
>
> . . .

*(Footnote Continued)* ————————————

forward a copy of the document] to the defendant's attorney. . . ." Pa.R.Crim.P. 576(A)(4).

2 Within Appellant's brief to this Court, Appellant claims that "[t]he [trial c]ourt committed error **by denying** [Appellant's] post-sentence motion to withdraw guilty plea on June 30, 2014." Appellant's Brief at 6 (emphasis added). Appellant is incorrect to state that the trial court "denied" his post-sentence motion. Rather, the trial court refused to consider Appellant's post-sentence motion, as Appellant had already filed a notice of appeal from the judgment of sentence and the post-sentence motion was untimely. The "June 30, 2014" date that Appellant references in his brief is merely the date that the trial court filed its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). **See** Trial Court Opinion, 6/30/14, at 1-8.

> Appellant contends that he was never adequately informed that his sentences in these two cases (incarcerations of six to [12] years and four to eight years[,] respectively) would run consecutively. Appellant insists that he was told that the sentences would run concurrently. He further contends that he would never have entered into these negotiated guilty pleas if he had known that the total period of incarceration was ten years at a minimum.
>
> Nowhere in this guilty plea colloquy before the [trial c]ourt[] was [Appellant] asked if he understood that the sentences in these two cases would run consecutively for a total of ten years['] incarceration. The guilty plea colloquy transcript does not reflect that [] Appellant ever expressed his understanding and acceptance of [the] precise nature of the terms of incarceration.

Appellant's Brief at 6.

On appeal, Appellant claims that he should have been permitted to withdraw his guilty plea, as "he was never adequately informed that his sentences in these two cases . . . would run consecutively." *Id.* This claim is waived, as Appellant failed to raise it in a timely manner before the trial court.

Under our rules and precedent, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, to preserve a challenge to a guilty plea, the individual must raise the issue prior to sentencing, at sentencing, or in a timely post-sentence motion. Failing this, the challenge is waived. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002).

In the case at bar, Appellant failed to confront the trial court with any challenge to his guilty plea during the sentencing hearing. Further, Appellant's attempt to raise the claim in his post-sentence motion failed, as Appellant had already filed a notice of appeal from his judgment of sentence and the post-sentence motion was untimely by approximately 13 days. As a result, the trial court refused to address the post-sentence motion on the merits. **See** Pa.R.A.P. 1701(a) ("after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter"); 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed"); Pa.R.Crim.P. 720(a)(1) ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence"); **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*) ("under 42 Pa.C.S.A. § 5505, if no appeal ha[s] been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*"); **Commonwealth v. Moore**, 978 A.2d 988, 991 (Pa. Super. 2009) ("[t]o be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in

deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*") (internal quotations, citations, and corrections omitted); ***see also Commonwealth v. Cooper***, 27 A.3d 994, 1007 (Pa. 2011) (*pro se* filings by represented defendants may have legal effect and are not "legal nullities").

Appellant's claim on appeal is thus waived.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014